Alvin M. Hall, Esq., State Bar No. 122512
A. Marcus Hall & Associates
10586 W. Pico Blvd., Suite 141
Los Angeles, California 90064
(310) 242-8411
E-mail: alvinhall@amarcushall.com

OLUGBENGA ABIONA (*Pro Hac Vice* Pending)
ABIONA LAW, PLLC
P.O. Box 3326
Cherry Hill, New Jersey 08034
(215) 625-0330
E-mail: oluesq@aol.com

Attorneys for Plaintiff Amira Coleman

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMIRA COLEMAN, an individual<br><br>Plaintiff,<br><br>vs.<br><br>SAMER M. HAMMOUDE, an individual; NEW ELECTRONICS COMMUNICATION LLC, a California Corporation; FRANK MARCEL DJUAN, an individual; and DOES 1 through 100, inclusive.<br><br>Defendants | Civil Action No. : **2:22-CV-1200**<br><br>COMPLAINT FOR PERSONAL INJURY AND DAMAGES<br><br>DEMAND FOR JURY TRIAL |

## I. INTRODUCTION

1. Plaintiff Amira Coleman brings this lawsuit against Defendants Samer M. Hammoude, New Electronics Communication LLC, and Frank Marcel Djuan, for injuries and damages sustained as a result of Defendants' negligent operation of their motor vehicles on Sunday morning, September 26, 2021, at about 12:44 a.m.

## II. JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1332, which provides for the original jurisdiction of Plaintiff's claims based on the diversity of citizenship of the parties and the fact that the amount in controversy far exceeds $75,000, exclusive of interest and costs.

3. The venue of this Court is proper pursuant to the dictates of Title 28 U.S.C. §1391 (c) in that the negligent conduct of Defendants occurred in Los Angeles County, which is within the vicinity of this Court.

## III. PARTIES

4. Plaintiff, Amira Coleman, is a citizen of the Commonwealth of Pennsylvania, United States, and who at all relevant times to this matter resided in Bensalem, Pennsylvania.

5. Defendant, Samer M. Hammoude, (hereinafter "Hammoude") at all relevant times to this matter, was a citizen of the State of California, with an address at 956 Chantel Drive, Corona, California 92879.

6. Defendant, New Electronics Communication LLC, (hereinafter referred to as "New Electronics") is California business entity and upon information and belief, conduct its business out of an office located at 721 N. Nantes Avenue, La Puente, California 91744. At all material times relevant to the issues in this case, Defendant Hammoude was an agent of New Electronics.

7. Defendant Frank Marcel Djuan, (hereinafter "Djuan") is a citizen of the State of California, with an address at 109 E. 94th Street, Los Angeles, California 90003.

///

## IV.  STATEMENT OF FACTS AND CLAIMS

8. On September 26, 2021, at about 12:44 a.m., Plaintiff was a back seat passenger in a motor vehicle owned or leased by New Electronics (hereinafter "The New Electronics' Vehicle") a 2020 Mercedes Benz GLC and operated by Hammoude.

9. The New Electronics' vehicle operated by Hammoude, was making a left hand turn on the Left Turn Lane on Santa Monica Blvd., East Bound into Robertson Blvd, at the traffic light when Djuan failed to bring his vehicle to a stop, was traveling at a relatively high rate of speed, and violently struck the New Electronics' vehicle.

10. At all times material to this action, Hammoude was acting as an agent of Defendant New Electronics and as such New Electronics is vicariously liable to Plaintiff for Hammoude's negligent operation of its vehicle.

11. At all times relevant hereto the Hammoude and Djuan were careless and negligent in the operation of their respective motor vehicle and are liable to the plaintiff in that they:

    a. Operated their vehicle at a relatively high and excessive rate of speed under the circumstances;

    b. Failed to keep their vehicle under proper and adequate control under the circumstances;

    c. Failed to keep a proper lookout and to stop for other vehicles lawfully upon the roadway;

    d. Failed to exercise due care with regards to the rights and safety of the plaintiff and other vehicles lawfully upon the highway;

    e. Failed to note the point and position of the vehicle plaintiff occupied and or other vehicles upon the highway;

    f. Failed to stop their respective vehicles in sufficient time so as to avoid colliding with the other vehicle involved in the accident;

    g. Caused the motor vehicle accident that injured plaintiff; and

COMPLAINT FOR PERSONAL INJURY AND DAMAGES

      h.     Violated the Motor Vehicle Code, Statutes and ordinances of the State of California and specifically failing to bring their respective vehicles to a stop so as to avoid striking the other vehicle.

12. As a direct and proximate result of the negligence and carelessness of the defendants as aforesaid, the Plaintiff was caused to sustain serious and permanent personal injuries in on and about her person, more particularly: severe injuries, including but not limited to fractured lumbar spine, closed head trauma, concussion, cervical and thoracic spinal injuries, with Emergency Room bills in excess of $78,000, and continuing with follow-up treatment, with possible injuries to nerves, muscles, ligament, discs, bones, cartilage and blood vessels thereof, all of which have caused her great pain, suffering and inconvenience and have prevented her from attending to her usual and customary duties, avocations and occupations, all of which have caused her to sustain great financial damage, loss income and a loss of earning and earning power, all of which may continue for an indefinite time into the future and may be permanent in nature and character.

13. As a direct and proximate result of the aforesaid accident, plaintiff has undergone great physical pain and mental anguish to her great detriment and loss and has suffered a loss of life's pleasures and she will continue to endure the same for an indefinite time into the future and the same may be permanent in nature and character.

14. As a further direct and proximate result of this accident, Plaintiff has been obliged to expend large sums of money for medical care and medicine in an effort to effect a cure of the aforesaid injuries, and she will be obliged to expend such sums for an indefinite time into the future to her great detriment and loss and a claim is hereby made against the defendants for payment of said medical expenses.

15. As a further direct and proximate result of the negligence of the defendants aforesaid, plaintiff was disabled from her employment from September 26, 2021, until December 15, 2021, resulting in over $17,655 loss income, and may in the future be prevented from attending to her usual daily duties and occupations, thereby causing

her great inconvenience and a loss of earning capacity, all to her great loss and detriment.

16.   As a further direct and proximate result of the aforesaid accident and injuries resulting therefrom, plaintiff has suffered a diminution in her ability to enjoy life and life's pleasure, and said diminution is or may be permanent in nature and character.

WHEREFORE Plaintiff demands judgment in this action against Defendants in an amount in excess of $200,000.00 for bodily injuries, personal injuries, medical bills, compensatory damages, expert witness fees, plus costs and expenses of litigation.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all factual issues in this matter.

Dated: February 22, 2022            A. MARCUS HALL & ASSOCIATES

/S/-Alvin M. Hall
ALVIN M. HALL
Attorneys for Plaintiff
Amira Coleman


ABIONA LAW, PLLC

/S/-Olugbenga Abiona
OLUGBENGA ABIONA
*Pro Hac Vice* Pending

5.
COMPLAINT FOR PERSONAL INJURY AND DAMAGES